U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

MAR 16 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

AIG ANNUITY INSURANCE COMPANY

versus

JANIE ANN LEA JONES

CIVIL NO. 08-0683
JUDGE TOM STAGG

## MEMORANDUM RULING

Before the court is AIG Annuity Insurance Company's ("AIG") motion for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Record Document 8. Based on the following, AIG's motion for summary judgment is **GRANTED.**

## I. BACKGROUND

A.  **Introduction.**

On May 19, 2008, AIG sued Janie Ann Lea Jones ("Jones") to recover $100,208.02 in annuity proceeds that it alleges were improperly paid Jones. See Record Document 1. AIG seeks a refund from Jones pursuant to Louisiana Civil Code article 2299 and/or in compliance with a "Release and Indemnification Agreement" entered into between the parties. See id. at 7. On January 12, 2009, AIG filed a motion for summary judgment. See Record Document 8. On January

1

29, 2009, Jones filed an opposition to AIG's motion for summary judgment, arguing that judgment should be entered in her favor. See Record Document 10. On February 6, 2009, AIG replied. See Record Document 13. The issues, now fully briefed by the parties, are ripe for resolution.

B. **Relevant Facts And Allegations.**

On October 15, 2003, Mr. Theodore Yaroch ("Yaroch") purchased a $100,000 annuity ("the Annuity") from AIG. Yaroch named his wife as primary beneficiary and Jones as contingent beneficiary. See Record Document 10, Ex. B. Yaroch then created an irrevocable inter vivos trust ("the Trust") for the benefit of his wife on October 23, 2003. He designated his wife as the primary beneficiary and Jones as the trustee. See Record Document 8, Ex. A. The Trust provided that upon the death of Yaroch's wife, "the trust shall terminate and the remaining trust corpus and accumulated income shall be distributed to [] Jones." Id. at 3. On November 3, 2003, Yaroch amended the Annuity to name the Trust as primary beneficiary, but did not designate a contingent beneficiary.

Yaroch's wife unexpectedly died on January 27, 2005. Yaroch passed away about thirteen months later. After Yaroch's death, Jones submitted a claim to AIG for payment of the Annuity proceeds. Jones provided AIG with a copy of the Trust and the death certificates of Yaroch and his wife. Shortly thereafter, AIG distributed $100,208.02 to Jones and required her to sign a "Release and

Indemnification Agreement." The agreement provided that Jones would "indemnify, save and hold harmless [AIG] from any and all liability and any and all claims and causes of action resulting from or related to the acknowledgment of myself individually as beneficiary of the record of the Contract. . . ." Record Document 8, Ex. B.

At some point after paying Jones, AIG determined that the true recipient of the Annuity proceeds should have been Yaroch's estate; accordingly, AIG paid Yaroch's estate, allegedly in accordance with an April 2007 Judgment of Possession issued by the First Judicial District Court, Caddo Parish, Louisiana. See id., Ex. C. Having concluded that it erroneously paid the Annuity proceeds to Jones, AIG requested that she return the funds. Not surprisingly, Jones refused.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential

to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004).

All facts and inferences are viewed in the light most favorable to the non-moving party, and all reasonable doubts are resolved in that party's favor. See Puckett v. Rufenacht, Bromagen & Hertz, Inc., 903 F.2d 1014, 1016 (5th Cir. 1990). If factual issues or conflicting inferences exist, the court is not to resolve them; rather, summary judgment must be denied. See id.

**B.   Discussion.**

**1.   The Annuity.**

A review of the Annuity reveals the following information. First, Yaroch was its sole owner and annuitant. See Record Document 10, Ex. B at 2. As owner, Yaroch had the right to (1) name a different owner; (2) assign his interest in the policy to another person; (3) name or change the beneficiary; (4) select an income plan and specify its start date; (5) receive the annuity income payments once the income plan had been established; (6) direct that annuity income payments should be made to another person or entity; and (7) cancel the annuity and receive the withdrawal value. See id. at 4. Of these rights, Yaroch only exercised the third;

he originally named his wife as primary beneficiary and Jones as contingent beneficiary. He then changed the primary beneficiary to the Trust a did not name a contingent beneficiary. Yaroch did not exercise any of the other rights mentioned above.

Second, as the primary beneficiary, the Trust would receive payment if Yaroch died before an income plan had started, or died while payments were being made under an income plan that called for payments to continue after Yaroch's death. See id. However, "[i]f no beneficiary is living when the funds become payable due to death, [AIG] will pay [Yaroch's] estate." Id. As mentioned above, Yaroch never selected an income plan nor specified its start date; no payments were made under an income plan that called for payments after Yaroch's death. As Yaroch died before an income plan started, the Trust would only be entitled to the proceeds if it was "living when the funds became payable due to death." Id.

### 2. The Trust.

The Louisiana Trust Code, La. R.S. 9:1721 et seq. provides that an "inter vivos trust is created upon execution of the trust instrument." La. R.S. 9:1822. Thus, Yaroch created a valid trust under Louisiana law when he executed the Trust agreement on October 23, 2003. Jones also signed the agreement as trustee, thereby accepting the obligations and duties imposed in the agreement and contained in the Trust Code. See Record Document 10, Ex. A at 5.

Although the Trust was created on October 23, 2003, it was never funded. The Trust provides that:

> [t]he Settlor or any other person(s) may make additions of property to the Trust, with the approval of the Trustee. There shall be no other restrictions as to the addition of the Trust property. The Trust may receive the proceeds of any annuity, and may also receive the proceeds of life insurance, whether said life insurance is upon the life of the Settlor or some other person.

See Record Document 10, Ex. A at 2. Other than the alleged improper funding of the Trust by AIG, there is no indication that any other property was transferred to the Trust.

Having established that the Trust was created and existed despite its lack of funding, the issue is before the court is whether the Trust was in existence when Yaroch died. Paragraph VIII of the Trust states: "Upon the death of [Yaroch's wife], the trust shall terminate and the remaining Trust corpus and accumulated income shall be distributed to [Jones]...." Id. at 3. As counsel for Jones correctly notes, when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. See La. C.C. Art. 2046; Record Document 10 at 8. The above statement is clear, explicit, and does not lead to an absurd consequence. Accordingly, this court finds that the Trust terminated on January 27, 2005 when Yaroch's wife died.

Jones argues that although the Trust terminated when Yaroch's wife died,

Jones had the right "to delay the liquidation of its assets and the final dissolution of the Trust until its actual receipt of the Annuity proceeds, consistently [sic] with the express intentions of the Settlor." See Record Document 10 at 10. To support this proposition, Jones relies on La. R.S. 9:2069 which states that if a trust terminates, the trustee shall preserve the trust property and deliver it without delay to those who are entitled to it. La. R.S. 9:2069 contemplates a terminated trust in which property already exists rather than an unfunded trust, with no vested right to property and that may never receive property.[1] Jones has provided no authority to the contrary.

At the time of Yaroch's death, the Annuity's beneficiary was no longer in existence. As mentioned above "[i]f no beneficiary is living when the funds become payable due to death, [AIG] will pay [Yaroch's] estate." Record Document 10, Ex. B at 5. Accordingly, the proper payee of the Annuity proceeds was Yaroch's estate.

### 3. Louisiana Civil Code Article 2299.

AIG first claims that Jones must return the Annuity proceeds pursuant to Louisiana Civil Code Article 2299. See Record Document 8 at 5-6. It reads: "A person who has received a payment or a thing not owed to him is bound to restore it to the person from whom he received it." La. C.C. Art. 2299.

The Fifth Circuit recently approved the application of the "payment of a thing

---

[1] As mentioned above and at any point before his death, Yaroch could have withdrawn the entire value of the annuity, assigned his interest to another, changed the beneficiary, or directed that the payments should be made to another person. See Record Document 10, Ex. B at 4.

7

not due" doctrine under Louisiana Law. See In re Ark-La-Tex Timber Co., Inc., 482 F.3d 319 (5th Cir. 2007). In that case, a creditor (Peoples State) received the entirety of proceeds derived from a judicial sale even though two-thirds of the amount was owed to another creditor. The court stated: "In essence, Peoples State, by receiving the entirety of the auction proceeds, received a windfall of $322,208.62, which constituted a payment of a thing not owed it. Therefore, Peoples State must restore that amount to General Electric, the juridical person from whom it received the money." Id. at 329.

Similarly, the Louisiana Supreme Court has applied the doctrine to force a judgment creditor to return the payment to the debtor once the judgment was reversed on appeal. See Gootee Const., Inc. v. Amwest Sur. Ins. Co., 856 So.2d 1203 (La. 2003). Here, Jones received payment of a thing not due, just like the judgment creditor in Gootee. As Jones has no legal right to retain the funds, she must return them to AIG pursuant to Article 2299.[2]

### III. CONCLUSION

Based on the foregoing analysis, there are no genuine issues of material fact and AIG is entitled to a judgment as a matter of law. The proper payee of the Annuity proceeds was Yaroch's estate. When Jones erroneously received

---

[2] In so holding, the court need not address AIG's argument that the Release and Indemnification Agreement also mandates that Jones return the Annuity proceeds to AIG. See Record Document 8 at 7.

8

$100,208.02, she received payment of a thing not due; she must return that thing to AIG. Accordingly;

**IT IS ORDERED** that AIG's Motion for Summary Judgment is **GRANTED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 16th day of March, 2009.

JUDGE TOM STAGG